**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| IN RE: GARY LEE POCOCK, JR. | : | BANKRUPTCY CASE NO. 17-50302 |
| | : | |
| DEBTOR(S) | : | CHAPTER 13 |
| | : | |
| | : | JUDGE C. KATHRYN PRESTON |
| | : | |

**MOTION TO AVOID JUDICIAL LIEN**
**ON REAL ESTATE PURSUANT TO 11 U.S.C § 522 (f)(1)(A)**

GARY LEE POCOCK, JR. (the "Debtor", whether individually or collectively) moves the court pursuant to 11 U.S.C. § 522 (f)(1)(A) and Federal Rules of Bankruptcy Procedure 4003(d) and 9014 for an order granting this motion to avoid the judicial lien of STATE OF OHIO DEPARTMENT OF TAXATION (the 'Creditor").

Memorandum in Support

(1) The Debtor filed a voluntary petition under chapter 13 of the Bankruptcy code on January 20, 2017.

(2) As of the Petition Date, the Debtor was the owner of the following real property located at 3938 Genteel Drive, Grove City, Ohio 43123.

☑ A legal description of the property is attached as Exhibit A.

(3) That the Debtor(s) has claimed or is entitled to claim an exemption in the Property in the amount of $136,925.00 pursuant to Section 2329.66 (A)(b) of the Ohio Revised Code;

(4) The value of the Property as of the Petition Date, as set forth in the appraisal filed on January 20, 2017, Doc. #7, was $93,600.00.

(5) The Debtor's interest in the Property as of the Petition Date was $93,600.00.

(6) The Creditor obtained a judgment in the amount of $1,295.92 against the Debtor. The Certificate of Judgment was issued on March 20, 2015 with the Franklin County Court of Common Pleas, Case No. 15 JG 03 09527.

(7) 11 U.S.C. § 522 (f)(2)(A) provides that "a lien shall be considered to impair an exemption to the extent that the sum of: (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any lien." 11 U.S.C. § 522 (f)(2)(A).

(8) That the right of the Debtor(s) to fully enjoy the benefits of the homestead exemption is impaired; the sum of the judicial lien, all other liens on the home, and the amount of the exemption that the Debtor(s) could claim if there were no judicial lien on the home clearly exceeds the value that the interest of the Debtor(s) would have been in the absence of any judicial liens; specifically. In this case we have the following values:

  a. Amount of judicial lien                          $1,295.92
  b. Value of exemptions                              $136,925.00
  c. Value of the Debtor's interest in the Property   $93,600.00

(9) Upon the Court Order Date the judicial lien of the Creditor on the Property will be avoided. If the Creditor fails to timely release the judicial lien, the Debtor may submit an order granting this motion to the applicable court or recorder's office as evidence of the release of the judicial lien.

      WHEREFORE, the Debtor requests that the court grant the Motion to Avoid Judicial Lien on Real Property pursuant to 11 U.S.C. § 522 (f)(1)(A).

      Respectfully Submitted,

/S/ Karen E. Hamilton
Karen E. Hamilton 0064808
Attorney for Debtor
31 E. Whittier Street
Columbus, OH  43206
Ph:  (614) 443-7920
Fx:  (614) 443-7922
karen@karenhamiltonlaw.net

Notice of Motion

      Debtor has filed a Motion to Avoid Judicial Lien on Real Property pursuant to 11 U.S.C. § 522 (f)(1)(A).

      **Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

      If you do not want the court to grant the relief sought in the motion, then on or before **twenty-one (21) days from the date set forth in the certificate of service for the motion**, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to:

United States Bankruptcy Court
170 North High Street
Columbus, OH  43215

OR your attorney must file a response using the court's ECF System.

      The court must **receive** your response on or before the above date.

      You must also send a copy of your response either by 1) the court's ECF System or by 2) regular U.S. Mail to:

Frank M. Pees, Chapter 13 Trustee
130 E. Wilson Bridge Road, Suite 200
Worthington, OH  43085-6300

      If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting the relief without further hearing or notice.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion and Official Form 20 A Notice was served electronically on the date of filing through the Court's ECF System on all ECF participants registered in this case at the email address with the Court.

/s/ *Karen E. Hamilton*
Karen E. Hamilton (0064808)
Attorney for Debtor(s)
31 E. Whittier St.
Columbus, Ohio 43206
(614) 443-7920
(614) 443-7922 fax
karen@karenhamiltonlaw.net

On the following parties by certified mail on February 28, 2017, return receipt requested:

State of Ohio Dept. of Taxation
Attn: Joseph W. Testa, Tax Commissioner
150 E. Gay Street, 21st Fl
Columbus, OH 43215

/S/ Karen E. Hamilton
Karen E. Hamilton 0064808
Attorney for Debtor
31 E. Whittier Street
Columbus, OH 43206
Ph: (614) 443-7920
Fx: (614) 443-7922
karen@karenhamiltonlaw.net